**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-50762

(Summary Calendar)
_____


FREDERICK GRIFFIN,

                                Plaintiff-Appellant,

versus

ROUND  ROCK  INDEPENDENT  SCHOOL
DISTRICT, ET AL.,

                                Defendants.

ROUND ROCK INDEPENDENT SCHOOL DISTRICT

                                Defendant-Appellee.


_____

Appeal from the United States District Court
For the Western District of Texas
(A-95-CV-424)
_____

March 7, 1996
Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Frederick Griffin appeals the district court's judgment dismissing his civil rights action with prejudice.  We affirm.

I

     Round Rock Independent School District ("RRISD") is a public school district.  The Director of Staffing at RRISD reviews each

_____

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

application for a teaching position and selects applicants to be interviewed at the central office. Following the interview, the interviewer evaluates the applicant and submits the results to a data bank, which is periodically updated. Thereafter, certain applicants are called back to be interviewed by a campus administrator for a specific position, and the campus administrator then makes a recommendation to the Personnel Office regarding filling the vacant position.

Griffin applied to RRISD for a mathematics teaching position in July 1991 and was interviewed the following month by the Director of Staffing. Griffin was not called back to interview for a specific position and was not hired for the 1991-92 school year or for any subsequent school year. His application, however, remained in "active" status in RRISD's data bank, and in the following years he was requested by letter to update his information. In October 1992, Griffin drafted a complaint to the Texas Commissioner of Education, alleging race discrimination by RRISD, but did not mail the letter until almost a year later. In July 1995, Griffin filed a *pro se* action against RRISD, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000d ("Title VI"), alleging that RRISD discriminated against him in its hiring on the basis of race. Acting on a motion to dismiss brought by RRISD, the district court concluded that Griffin's action was barred by the statute of limitations and dismissed all of his claims with prejudice. Griffin filed a timely notice of appeal.

II

Griffin contends that the district court erred in granting RRISD's motion to dismiss. We review a district court's Rule 12(b)(6) dismissal *de novo*. *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995). Dismissal under Rule 12(b)(6) is appropriate if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). We will affirm the dismissal only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Robertson*, 70 F.3d at 23. We take as true the facts alleged in the complaint, but we cannot assume facts not alleged. *Id.*

The district court concluded on the basis of Griffin's October 1992 letter to the Commissioner of Education that his claim was barred by the applicable statute of limitations. For actions brought under § 1983 and Title VI, we borrow the forum state's general personal injury limitations period, which in Texas is two years. TEX. CIV. PRAC. & REM. CODE. § 16.003; *see Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (applying two-year statute of limitations to § 1983 action); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521 (5th Cir. 1993) (affirming district court's determination that Title VI action was barred by two year statute of limitations).

In cases alleging discriminatory failure to hire, the filing period begins to run when "facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated, . . . or upon the happening of

events which, in fairness and logic, should have alerted the average lay person to act to protect his rights, or when he should have perceived that discrimination was occurring." *Nilsen v. City of Moss Point*, 621 F.2d 117, 121 (5th Cir. 1980) (citations and internal quotation marks omitted). Griffin's October 1992 letter to the Commissioner of Education clearly establishes that Griffin at that time believed that he was not hired by RRISD on account of his race.[1] We therefore conclude that the applicable statute of limitations began to run at that time, and expired in October 1994, some nine months before Griffin filed his suit in district court.

Griffin contends that the district court erred in applying the statute of limitations to bar his claim because he is alleging a "continuing violation." Griffin argues that the discrimination against him was an ongoing matter because he was not hired in any of the subsequent years, even though his application remained active in the RRISD data bank. Although we have not formulated a consistent standard for determining when a continuing violation exists, "the core idea is that equitable considerations may require an extension of the filing period when supportive facts exist." *Frazier*, 980 F.2d at 1521; *see also Abrams v. Baylor College of Medicine*, 805 F.2d 528, 532 (5th Cir. 1986) ("Where the unlawful employment practice manifests itself over time, rather than as a series of discrete acts, the violation may be found to be a

---

[1] Griffin argues that the limitations period did not begin to run until he actually sent the letter in August 1993. Our focus, however, is on the time at which when Griffin knew about the facts underlying his alleged discrimination, not on when he chose to make a formal complaint. *Nilsen*, 621 F.2d at 121.

continuing one that relieves a plaintiff who makes such a claim from the burden of proving that the entire violation occurred within the actionable period.") (internal quotation marks omitted). Griffin has not asserted any facts which suggest that the alleged discrimination was hidden or was not apparent to a reasonably prudent person similarly situated. We therefore conclude that there are no equitable considerations in this case to support the extension of the Texas two-year limitations period. *See Dumas v. Town of Mount Vernon*, 612 F.2d 974, 977-78 (5th Cir. 1980) (rejecting plaintiff's argument that discrimination was a "continuing violation" where plaintiff's name remained on the employment register of eligible candidates, and concluding that statute of limitations began to run at the time plaintiff wrote letter reflecting her belief she was the victim of race discrimination).

### III

For the foregoing reasons, we AFFIRM the district court's dismissal of Griffin's claims with prejudice.